UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11627 RGS

PATRICIA CHENEY,
      Plaintiff,

v.                                                                    Civil Action No.

EMMAUS, INC.,
      Defendant.    MAGISTRATE JUDGE Bowler

**COMPLAINT**

JURISDICTION

1. This action is brought, pursuant to Section 12112 of the American With Disabilities Act and pursuant to Section 2615 of the Family And Medical Leave Act.

2. This Honorable Court has jurisdiction over this action pursuant to Article III of the United States Constitution, 42 U.S.C Sec. 12117(a) and 29 U.S.C. Sec. 2617(a)(2).

PARTIES

3. Plaintiff, Patricia Cheney, is a woman who resides at 158 Newton Road, Apt. #23, Plaistow, New Hampshire 03865.

4. Defendant, Emmaus, Inc., is a not for profit organization that provides services and programs to homeless individuals with its principal place of business at 127 How Street, P.O. Box 568, Haverhill, Massachusetts 01831.

MATERIAL FACTS

5. Emmaus, Inc. commenced its organization sometime in 1987. Sometime thereafter in 1987, Emmaus, Inc. hired Patricia Cheney.

6. Patricia Cheney performed her job in a satisfactory manner for approximately thirteen years.

7. On or about December 18, 2000, Jeanine Murphy, the Clinical Social Director, met with Patricia Cheney. The purpose of the meeting was to discuss alleged deficiencies in Patricia Cheney's work performance. During the meeting, Patricia Cheney was told that her alleged deficient work performance needed to improve. Emmaus, Inc. did not fire Patricia Cheney at this time.

1

8. On or about December 19, 2000, Patricia Cheney took her scheduled vacation that was to last approximately ten days.

9. During her vacation, Patricia Cheney developed Bronchitis. She contacted Emmaus, Inc. about her Bronchitis, informing them that she was under the care of her primary care physician. Subsequently, Emmaus, Inc. contacted Patricia Cheney's primary care physician, questioning him about her Bronchitis.

10. Shortly thereafter, Patricia Cheney experienced suicidal thoughts, anxiety attacks and hyperventilation.

11. On January 4, 2001, Patricia Cheney was admitted to Hampstead Hospital in New Hampshire due to a nervous breakdown. Hampstead Hospital treated Patricia Cheney until January 19, 2001. Patricia Cheney's attending doctor and social worker informed Emmaus, Inc. about her hospitalization. Patricia Cheney's daughter provided Emmaus, Inc. with the necessary paper work for a leave of absence.

12. After being discharged from Hampstead Hospital, Patricia Cheney went to Emmaus, Inc. to discuss her situation. Emmaus, Inc. would not allow Patricia Cheney inside their building and refused to talk with her.

13. On January 25, 2001, Dr. Adela Wilkeson of Arbour Counseling Services psychologically evaluated Patricia Cheney. Patricia Cheney was diagnosed with major depression. Individual treatment was to commence on February 23, 2001.

14. On January 31, 2001, Emmaus, Inc. fired Patricia Cheney.

15. On or about May 4, 2001, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a written right to sue letter on April 30, 2003 and attempted to deliver same by mail, but it was never delivered to the plaintiff.

## COUNT I
(Discrimination In Violation Of the American With Disabilities Act Of 1990)

16. Patricia Cheney repeats and realleges the allegations contained in paragraphs one through fifteen as if fully stated herein.

17. Emmaus, Inc. knew that Patricia Cheney had Bronchitis, suffered a breakdown, was hospitalized and suffered from depression.

18. Emmaus, Inc. fired Patricia Cheney because of her disabling condition.

19. Emmaus, Inc.'s behavior constitutes discrimination in violation of 42 U.S.C. Sec. 12112(a), (b)(1), (b)(2), (b)(4), (b)(5)(A) and (b)(5)(B).

20. As a direct and proximate result of Emmaus, Inc.'s discriminatory behavior, Patricia Cheney was caused to suffer severe emotional distress. As a result of her distress, Patricia Cheney incurred profound medical expenses, suffered great pain of the mind, suffered a permanent diminution in her enjoyment of the pleasures of life, and was caused to and continues to lose time and income from any regular employment.

## COUNT II
(Prohibited Acts In Violation Of The Family And Medical Leave Act Of 1993)

21. Patricia Cheney repeats and realleges the allegations of paragraphs one through fifteen.

22. Patricia Cheney suffered from a serious health condition as defined in 29 U.S.C. Sec. 2611(11)(A) or (B).

23. Emmaus, Inc. knew that Patricia Cheney had Bronchitis, suffered a breakdown, was hospitalized and suffered from depression.

24. Emmaus, Inc. fired Patricia Cheney because of her serious health condition.

25. Emmaus, Inc. willfully violated 29 U.S.C. Sec. 2615(a)(1) and (2) and (b)(1) and (2).

26. As a direct and proximate result of Emmaus, Inc.'s willful behavior, Patricia Cheney was caused to suffer severe emotional distress. As a result of her distress, Patricia Cheney incurred profound medical expenses, suffered great pain of the mind, suffered a permanent diminution in her enjoyment of the pleasures of life, and was caused to and continues to lose time and income from any regular employment.

WHEREFORE, Patricia Cheney demands judgment against Emmaus, Inc. for the following:

a.) Damages in an amount equal to all lost wages, salary, employment benefits, or other compensation;
b.) Damages in an amount equal to all pain and suffering;
c.) Interest;
d.) Liquidates damages pursuant to 29 U.S.C. Sec. 2617(a)(1)(A)(iii);
e.) Costs and reasonable attorney fees; and
f.) Any other relief this Honorable Court deems fair, just and proper.

Dated: 6/21/04

RESPECTFULLY SUBMITTED,
FOR THE PLAINTIFF
BY HER ATTORNEY,

Thomas J. Gleason
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 547134

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Patricia Cheney vs. Emmaus, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [X]  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   [ ]  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not applicable.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Thomas J. Gleason
ADDRESS   GLEASON LAW OFFICES, P.C.
          163 Merrimack Street
          Haverhill, MA 01830
TELEPHONE NO.   (978) 521-4044

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Cheney

## DEFENDANTS
Emmau's House, Inc.

(b) County of Residence of First Listed Plaintiff: **Rockingham**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas J. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830    (978) 521-4044

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury-- Med. Malpractice | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 365 Personal Injury -- Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | | |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | |
| ☐ 290 All Other Real Property | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | |
| | ☐ 442 Employment | ☐ 530 General | | |
| | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | |
| | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | |
| | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sec. 12112, et seq. (discrimination on basis of disability); 9 U.S.C. Sec. 26115, et seq. (FMLA violation).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 6/21/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____