UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA CHENEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-11627 RGS |
| ) | |
| EMMAUS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Emmaus, Inc. ("Emmaus") moves to dismiss, with prejudice, Plaintiff's claim in Count I of her Complaint for discrimination in violation of the Americans With Disabilities Act of 1990 (the "ADA").[1]  Plaintiff's ADA claim is ripe for summary dismissal due to her failure to bring this action within 90 days of receipt of her Notice of Right to Sue from the Equal Employment Opportunity Commission (the "EEOC").  In addition, Plaintiff's untimely claim cannot be salvaged pursuant to the doctrine of equitable tolling.  Furthermore, Plaintiff's lack of cooperation in the administrative process precludes her from filing this action due to her failure to exhaust administrative remedies prior to filing her Complaint with this Court.  By disposing of Plaintiff's only remaining claim against Emmaus, this action will be dismissed in its entirety.

---

[1] Plaintiff voluntarily dismissed her claim for a violation of the Family and Medical Leave Act of 1993 (the "FMLA") with a Notice of Dismissal filed with this Court on September 3, 2004.  As such, Defendant has not addressed this claim in the instant Motion.  To the extent that Plaintiff withdraws her voluntary dismissal, Defendant reserves the right to address the merits of Plaintiff's FMLA claim in a future motion to dismiss.

## RELEVANT FACTUAL BACKGROUND

Emmaus is a non-profit corporation founded in 1985 to provide emergency shelter, housing and services to homeless adults and families. Plaintiff Patricia Cheney was employed by Emmaus in various capacities from 1987 to January of 2001. After a series of escalating disciplinary problems throughout 1999 and 2000, Plaintiff went on leave and failed to provide Emmaus with requested documentation regarding her purported medical condition. After several attempts to contact Plaintiff to substantiate her leave, Emmaus determined that it could not hold her position open indefinitely and was forced to terminate Plaintiff's employment.

On or about May 4, 2001, with the assistance of her attorney, Thomas J. Gleason, Esq., Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination (the "MCAD"). See Cover Letter from Attorney Gleason to the MCAD dated May 3, 2001, a copy of which is attached hereto as Exhibit 1.[2] Thereafter, on July 23, 2001, the MCAD issued a Denial of Formal Investigation of MCAD Complaint, and deferred Plaintiff's claim to the EEOC for investigation. See Denial of Formal Investigation Form dated July 23, 2001, a copy of which is attached hereto as Exhibit 2; see also Letter from EEOC to Respondent Emmaus, Inc. dated July 24, 2001, a copy of which is attached hereto as Exhibit 3; Letter from Attorney Gleason to MCAD, dated December 23, 2002, referencing July 24, 2001 letter stating that the matter would be sent to EEOC for investigation, a copy of which is attached hereto as Exhibit 4.

---

[2] Although a court may not ordinarily consider material beyond that found in the complaint when considering a motion to dismiss, an exception exists for documents, such as those attached hereto, that are undisputed by the parties, official public records, documents central to Plaintiff's claims or sufficiently referred to in the Complaint. See MHI Shipbuilding, LLC. V. Nat'l Fire Ins. Co., No. 02-10413, 2002 U.S. Dist. Lexis 19979, at *7 (D. Mass. Oct. 7, 2002). Alternatively, Defendant respectfully requests consideration of its Motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

On March 5, 2003, the EEOC requested a position statement from Emmaus. Emmaus timely filed Respondent's Position Statement in Response to Charge of Discrimination with the EEOC on March 20, 2003.

Thereafter, Plaintiff failed to cooperate with the EEOC's investigative process, and on April 30, 2003, the EEOC issued Plaintiff a Dismissal and Notice of Rights (the "Notice of Right to Sue"). See Dismissal and Notice of Rights, a copy of which is attached hereto as Exhibit 5. The Notice of Right to Sue states that the EEOC closed its file on Plaintiff's charge because, "[h]aving been given 30 days in which to respond, [Plaintiff] failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve [Plaintiff's] charge."

On October 24, 2003, Plaintiff's counsel, Attorney Gleason, sent a letter to the EEOC on Plaintiff's behalf requesting a "Right to Sue Letter." See Letter from Thomas J. Gleason, Esq. to Rance O'Quinn, Supervisory Investigator, and Linda Ingle, Investigator, of the EEOC, dated October 24, 2003, a copy of which is attached hereto as Exhibit 6. Linda Ingle, an EEOC Investigator, responded via fax on October 29, 2003, enclosing Plaintiff's Notice of Right to Sue, dated April 30, 2003. See facsimile from Linda Ingle of the EEOC to Thomas Gleason, Attorney, dated October 29, 2003, a copy of which is attached hereto as Exhibit 7.

Plaintiff did not file the current action until July 21, 2004 – 448 days after the date listed on the Notice of Right to Sue and 266 days after Plaintiff's counsel irrefutably requested and received her Notice of Right to Sue from the EEOC.

**ARGUMENT**

I.  **PLAINTIFF'S ADA CLAIM MUST BE DISMISSED BECAUSE SHE FILED MORE THAN 90 DAYS AFTER RECEIVING NOTICE OF RIGHT TO SUE.**

A claim alleging a violation of the ADA, like a claim under Title VII, must be filed within 90 days of the issuance of a Notice of Right to Sue. 42 U.S.C. §12117(a). Plaintiff's Complaint alleges that, "[o]n or about May 4, 2001, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC)." Complaint at ¶15. In her Complaint, plaintiff acknowledges that the EEOC issued a Notice of Right to Sue on April 30, 2003 and acknowledges that the EEOC attempted to deliver the Notice of Right to Sue by mail. Id. However, Plaintiff asserts that the Notice of Right to Sue "was never delivered to the plaintiff." Id.

In order to state a cognizable claim, Plaintiff must maintain that her failure to file the instant Complaint until July of 2004—almost <u>fifteen months</u> after the EEOC's issuance of the Notice of Right to Sue—is excusable because the EEOC's delivery attempt in April of 2003 was unsuccessful. As set forth more fully below, however, this position not only is factually misleading, but also is legally erroneous. Therefore, Count I of Plaintiff's Complaint should be dismissed, with prejudice.

As an initial matter, Plaintiff's Complaint neglects to mention certain key facts relating to her Charge of Discrimination and the EEOC's issuance of the Notice of Right to Sue, including the following:

- Plaintiff initially filed her Charge of Discrimination with the MCAD, **with the assistance of her counsel, Thomas J. Gleason**;

- The MCAD declined to investigate Plaintiff's Charge and deferred the Charge to the EEOC for investigation;

- On April 30, 2003, following receipt of the Respondent's Position Statement, the EEOC issued its Dismissal and Notice of Rights form, which included the requirement that Plaintiff file a lawsuit within 90 days of receipt of the form;

- On October 24, 2003, **Attorney Gleason sent a letter on behalf of Plaintiff**, requesting issuance of a Notice of Right to Sue; and

- In response to this request on Plaintiff's behalf, the EEOC sent a facsimile to "Thomas Gleason Atty" on October 29, 2003, which stated on its face "NRTS [Notice of Right to Sue] already issued.  See attached." **On October 29, 2003, Attorney Gleason received a facsimile of the Notice of Right to Sue dated April 30, 2003**, including the notice that Plaintiff had only 90 days in which to file a lawsuit.

Accordingly, there can be no credible dispute that, on October 29, 2003, 266 days before the filing of Plaintiff's Complaint, Plaintiff received notice through Attorney Gleason, her counsel throughout the administrative and judicial proceedings, of her right to sue and the 90 day time limit for filing suit.  Plaintiff's subsequent inaction for almost nine months is inexcusable and should not be sanctioned by this Court.  The clear and unequivocal Notice of Right to Sue requested by and issued to Attorney Gleason on Plaintiff's behalf by the EEOC on October 29, 2003 put Plaintiff on notice of her right to bring suit in federal court—a right that expired on January 27, 2004.

In fact, in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), the United States Supreme Court affirmed the dismissal of a plaintiff's discrimination complaint under factually similar circumstances, finding that the limitations period began to run when the Notice of Right to Sue was received by counsel.  Indeed, in Irwin, the Court specifically rejected the plaintiff's argument that the notice period should not have begun until the plaintiff received the Notice himself, instead finding that notice to counsel started the limitations period.  Additionally, the Court rejected Plaintiff's argument that the time requirement should be equitably tolled because his attorney was absent from his office when the notice was received.  Specifically, the Court

noted that "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id. at 92. (internal citations omitted); see also Dunker v. Bissonnette, 154 F. Supp. 2d 95, 107 (D. Mass. 2001) (noting that the plaintiff's failure to timely submit a petition for writ of habeas corpus cannot be excused by placing blame on his attorney, in light of the "usual rule…that attorney errors will be attributed to their clients") ( internal citations omitted).

Citing to Irwin, federal courts consistently have recognized the principle that an attorney's receipt or knowledge of the EEOC's issuance of a Notice of a Right to Sue is imputed to his or her client in the context of discrimination cases under the ADA, Title VII and the ADEA.  Such cases have established that "[w]here the claimant is represented by counsel, the 90-day limitations period for bringing a Title VII action begins to run on the date that the [Notice of Right to Sue] is first received either by the claimant or by her counsel." Greenridge v. Ben Hur Moving & Storage, Inc., No. 2-CV-1635, 2002 U.S. Dist. LEXIS 14350, at *8 (E.D.N.Y. Aug. 6, 2002) (emphasis added).  Likewise, federal courts have held that, "[t]he time for filing a complaint begins to run when the plaintiff has notice of the EEOC decision, and notice is deemed to have been received when either the claimant or his attorney receives the EEOC [Notice of Right to Sue], whichever date is earlier." James v. Allentown Business School, No. Civ.A. 01-857, 2003 WL 21652189, at *8 (E.D. Pa. June 2, 2003) (emphasis added); Ringgold v. National Maintenance Corp., 796 F.2d 769 (5th Cir. 1986) (holding that the 90 day limitations period runs from the date that the EEOC Notice of Right to Sue is delivered to the offices of formally designated counsel or to the claimant); Josiah-Fadeuwor v. Communications Satellite, 785 F.2d 344 (D.C. Cir. 1986) (finding an action untimely filed and holding that notice properly was

imputed to claimant based upon claimant's attorney's receipt of the Notice of Right to Sue from the EEOC).

In the present case, Attorney Gleason specifically requested the Notice of Right to Sue on behalf of his client. In a factually similar circumstance, where the attorney for the plaintiff requested the issuance of a Notice of Right to Sue on his client's behalf, notice to the attorney that the Notice of Right to Sue had been granted was deemed sufficient to start the running of Plaintiff's limitations time. See Gonzalez v. Stanford Applied Engineering, 597 F.2d 1298, 1299 (9th Cir. 1979). Plaintiff's counsel's request for and receipt of the Notice of Right to Sue on her behalf in October of 2003 triggered the 90-day limitations period in this case. Since that 90-day period indisputably expired in January of 2004, Plaintiff's claim filed in July of 2004 is untimely and should be dismissed with prejudice.

## II.  PLAINTIFF CANNOT PROPERLY INVOKE THE PRINCIPLES OF EQUITABLE TOLLING TO SAVE HER UNTIMELY COMPLAINT.

Although courts within the First Circuit will consider the principle of equitable tolling in certain situations, the courts have repeatedly held that equitable tolling should only be applied on a very restricted basis to extend the applicable limitations periods. See e.g., Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 58-59 (1st Cir. 1998); Bush v. Quebecor Printing (USA) Corp., 130 F. Supp. 2d 301, 305 (D. Mass. 2001). Those "exceptional" cases where equitable tolling may be warranted include cases where the notice was incomplete or inadequate, where the court led plaintiff to believe she had done everything required of her or where misconduct on the part of defendant lulled the plaintiff into inaction. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). The instant matter is not such an "exceptional" case and Plaintiff cannot assert any reason why equity should be invoked.

Moreover, the Supreme Court has noted that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Id. at 151; see also Rys v. United States Postal Service, 886 F.2d 443 (1st Cir. 1989).  Not only did the Plaintiff in this case demonstrate a lack of diligence in pursuing her claims during the EEOC investigation process, as evidenced by the indication on the Notice of Right to Sue that "[Plaintiff] failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve [her] charge," but Plaintiff waited 266 days from her attorney's undisputed receipt of the Notice to file the instant action.  In a similar, unsuccessful attempt by a plaintiff to invoke the principles of equitable tolling to extend the limitations period, the First Circuit rejected the plaintiff's argument and refused to extend the limitations period by even one day.  See Al-Wardi v. Command Airways/American Eagle, No. 94-1801, 1994 U.S. App. LEXIS 29944, at *6 (1st Cir. Oct. 25, 1994).

Any attempt by Plaintiff to invoke the principles of equitable tolling in this case is further undermined by the fact that during the administrative process she was represented by Attorney Gleason, the same attorney who currently represents her in this action.  The Sixth Circuit rejected a plaintiff's attempt to rely on equitable principles in similar circumstances in Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir. 1988), stating that, "the lawyer's actual knowledge [of the Notice of Right to Sue] destroys any possible basis for applying the 'equitable tolling' doctrine here."  Likewise, a plaintiff who did not bring a Title VII claim almost ten months after receiving a Notice of Right to Sue was barred from invoking equitable principles where she was represented by counsel throughout the administrative and judicial proceedings.  See Lavalley v. Quebecor World Book Svcs., LLC, 315 F. Supp. 2d 136, 149 (D. Mass. 2004).  Clearly, this is

not the type of "exceptional" case where the 90-day limitation period should be extended. As such, Count I of Plaintiff's Complaint should be dismissed, with prejudice.

### III. PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES DUE TO HER FAILURE TO COOPERATE WITH THE EEOC'S ADMINISTRATIVE PROCESS.

In order to bring her claim for a violation of the ADA in federal court, Plaintiff was first required to exhaust her administrative remedies with the EEOC and/or MCAD. See Bonilla v. Muebles J.J. Alvarez, 194 F.3d 275, 277 (1st Cir. 1999). As discussed above, the EEOC dismissed Plaintiff's Charge of Discrimination due to her "fail[ure] to cooperate to the extent that it was not possible to resolve [Plaintiff's] charge." See Exhibit 5. Plaintiff's failure to cooperate with the statutorily required administrative process is akin to a failure to exhaust her administrative remedies. See Errichetti v. Massachusetts Water Resources Authority, 300 F. Supp. 2d 270, 273-74 (D. Mass. 2004) (dismissing an age discrimination claim for failure to exhaust administrative remedies due to the plaintiff's lack of cooperation in the administrative process) ("Errichetti"). For this reason, Plaintiff's discrimination claim under the ADA must be dismissed.

As in Errichetti, Plaintiff refused to cooperate with the procedures required by the EEOC, the administrative agency investigating her Charge. After Emmaus responded to the EEOC's request for further information by timely filing a Position Statement on March 20, 2003, Plaintiff failed to provide additional information to aid the EEOC investigation. On April 30, 2003, after Plaintiff ignored the administrative process related to her Charge for more than 30 days, the EEOC dismissed Plaintiff's Charge of Discrimination for failure to cooperate. Plaintiff's refusal to cooperate with the EEOC was even more egregious than the plaintiff in the Errechetti case, who refused to engage in discovery after a finding of probable cause and a failed attempt at

conciliation. In the present case, the EEOC was <u>never</u> able to make a determination or engage in conciliation with respect to Plaintiff's Charge because she did not provide necessary information during the EEOC's initial investigative process.

As stated by the Court in <u>Dates v. Phelps Dodge Magnet Wire Co.</u>, 604 F. Supp. 22, 27 (N.D. Ind. 1984), "[t]hough [P]laintiff did file a charge with the Equal Employment Opportunity Commission, her interaction with that agency and the state agency was otherwise <u>nominal and without substance</u>." (Emphasis added). Plaintiff's interaction with the EEOC in the present case was nominal at best, as she merely filed a Charge and then waited for the EEOC to dismiss her claim and issue a Notice of Right to Sue. In enacting the ADA, Congress required that employees bringing charges of disability discrimination must first exhaust their administrative remedies. This requirement was meant to give the parties an opportunity to conciliate and assess the merits of their positions prior to burdening the state and federal courts with discrimination claims. See <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996). To allow Plaintiff in this case to avoid the requirement of exhaustion simply by filing a Charge and participating no further in the administrative process would "clearly frustrate the congressional intent and purpose" behind the exhaustion requirement. See <u>Dates v. Phelps Dodge Magnet Wire Co.</u>, 604 F. Supp. at 27. Plaintiff must not be allowed to abuse the administrative process by proceeding with her claim without proper exhaustion of her administrative remedies.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss, with prejudice, Count I of Plaintiff's Complaint, her claim for discrimination in violation of the ADA, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant further requests that the Court award costs and attorneys' fees incurred by

Defendant in bringing this Motion. For the Court's convenience, a Proposed Order is attached as <u>Exhibit A</u> to the accompanying Motion to Dismiss.

          **Respectfully submitted,**

          **EMMAUS, INC.,**

          By its attorneys,

          /s Christine B. Watts
          Mark D. Pomfret, BBO #561925
          Christine B. Watts, BBO #647946
          Maura M. Jakola, BBO #654695
          Testa, Hurwitz & Thibeault, LLP
          125 High Street, Oliver Street Tower
          Boston, MA 02110

Dated: September 7, 2004          (617) 248-7000
3114172v1