UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICIA CHENEY,
        Plaintiff,

v.

EMMAUS, INC.,
        Defendant.

CIVIL ACTION NO. 04-11627 RGS

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV. P. 12(b)(1) AND 12(b)(6)

I.    FACTS

On May 4, 2001 the plaintiff, through counsel, filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination (MCAD). See Exhibit 1. The Charge of Discrimination was simultaneously field with the Equal Employment Opportunity Commission (EEOC). See Exhibit 1.

On July 23, 2001 the MCAD effectively transferred the case to the EEOC. The EEOC commenced an investigation, and was fully aware that the plaintiff was represented by counsel. See Exhibit 2. On April 23, 2003, the EEOC dismissed the charge.

On April 30, 2003, the EEOC issued a right to sue letter, apparently mailing it to the plaintiff's post office box in Plaistow, New Hampshire. See Exhibit 3. This correspondence was returned to the EEOC as undeliverable. See Exhibit 4.

On October 24, 2003, the plaintiff, through counsel, requested that the EEOC issue a right to sue letter.

On October 29, 2003, the EEOC faxed a copy of the April 30, 2003 right to sue letter to counsel. See Exhibit 4.

The plaintiff filed suit on July 21, 2004, well less than one (1) year from the date the right to sue letter was actually received by counsel.

II. ARGUMENT

What is clear from the facts is that by the time plaintiff's counsel received the right to sue letter, dated April 30, 2003, the ninety (90) days within which to bring suit had long expired.

As an initial matter, the case law cited by the defense is inapplicable. In Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), for example, both the client and attorney received the notice of the right to sue within the applicable time period. Id. at 91. Similarly, in all of the other cases cited by the defense with respect to this particular issue, receipt of the right to sue letter by the litigant or counsel was during the period of time within which suit needed to be filed.

The principle of equitable tolling may apply where the EEOC has failed to provide adequate and/or improper notice of the right to sue. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).

In Williams v. Hildago, 663 F. 2d 183 (D.C. Cir. 1980), the agency in question failed to issue a proper or adequate notice of right to sue. The Court held that given this inadequency, the plaintiff was entitled to commence suit within a reasonable time after the appropriate notice was received. This case was recently cited by the First Circuit. Bush v. Quebecor Printing (USA) Corp., 130 F. Supp. 2d 301, 306 (D. Mass 2001).

In this case, the failures of the EEOC are numerous and substantial. The EEOC mailed the right to sue letter to the plaintiff, but it was returned as undeliverable. There is no evidence

that the EEOC made any further efforts to notify the plaintiff by mail or otherwise. The EEOC mailed the right to sue notice to the plaintiff, yet had actual knowledge that she was represented by counsel. See Exhibit 3. The EEOC did not provide any notice to counsel of the plaintiff's right to sue, even after the mailing came back to the EEOC as undeliverable.

The Williams decision reflects the principle that when an agency, responsible for providing notice of a right to sue, fails to give proper or adequate notice, a litigant should not be required to guess or assume the applicable limitations period. The plaintiff's attorney in this case received a right to sue letter in October of 2003 which indicated that the statute of limitations had already expired. In circumstances such as this, where the agency in question has wholly failed to discharge its lawful responsibilities, the litigant should not be punished by having to guess or assume a statute of limitations period. As Williams establishes, the correct result should be that the litigant files suit within a "reasonable" time period. The plaintiff has clearly done so in this case by filing in Court less than a year from the date the right to sue letter was received.

III. CONCLUSION

For the reasons and arguments set forth above, the defendant's Motion must be denied.

Dated: 9/21/04

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF
BY HER ATTORNEY

Thomas J. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 547134

3

CERTIFICATE OF SERVICE

I, Thomas J. Gleason, Esquire do hereby certify that I have this 21st day of September, 2004 forwarded a copy of the within document, postage prepaid to: Christine B. Watts, TESTA, HURWITZ & THIBEAULT, LLP, 125 High Street, Boston, MA 02110-2704.

_____
Thomas J. Gleason, Esquire