**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| PATRICIA CHENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-11627 RGS |
| | ) | |
| | ) | |
| EMMAUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P.

12(b)(1) and 12(b)(6) (the "Opposition") substantiates Defendant's argument regarding the

timeliness of Plaintiff's Complaint.  In fact, Plaintiff's application of the facts and law miss the

mark and her Opposition actually provides further support for Defendant's Motion to Dismiss.

As an initial matter, the facts included in Plaintiff's Opposition do not differ from those

set forth by Defendant.  Plaintiff does not address—in either her factual recitation or her

argument—Plaintiff's failure to exhaust her administrative remedies due to her failure to

cooperate with the EEOC's administrative process.  Plaintiff's failure to attempt to explain or

excuse her neglect in this regard and her failure to even address this Court's decision in Errichetti

v. Massachusetts Water Resources Authority, 300 F. Supp.2d 270 (D. Mass. 2004), is sufficient

grounds on which this Court may base a dismissal of this action.[1]

Beyond her failure to address the "exhaustion" argument, Plaintiff admits that her counsel

received the Notice of Right to Sue on October 29, 2003 and attaches as an Exhibit to her

---

[1] In Errichetti, this Court dismissed a plaintiff's age discrimination claim for failure to exhaust administrative
remedies due to the plaintiff's lack of cooperation in the administrative process.  See id. at 273-274.

Opposition the Right to Sue letter itself, which makes unquestionably clear that Plaintiff had 90

days from receipt of the notice to file a lawsuit in court.  Thus, Plaintiff does not and cannot

dispute that she received said notice, through her counsel, 266 days prior to filing the instant

action.

Plaintiff's lone argument, however, appears to be that because the original statute of

limitations had expired by the time Plaintiff's counsel received the right to sue letter, she was

excused from the 90-day filing requirement and should be permitted to file within a "reasonable"

time period.[2]  Plaintiff cites Williams v. Hidalgo, 663 F.2d 183 (D.C. Cir. 1980), in support of

the proposition that a plaintiff should not be punished where the agency fails to give proper or

adequate notice of a plaintiff's right to sue.  This argument is both legally and factually flawed.

As an initial matter, in the Williams decision, the Court considered the issue of whether

the notice that had been issued could be considered proper notice to the Plaintiff.  In that case,

the notice did not include either a statement of the right to proceed in court or notice of the time

limit associated with filing a lawsuit.  Because it was clear that Williams had never received

proper notice, the court concluded that the time period never had begun to run and Williams was

permitted a reasonable time from the agency's final action to file his complaint in court.

The undisputed facts in this case, however, bear no resemblance to the facts in Williams.

There is no question that the Notice issued by the EEOC on October 29, 2003 contained both the

Notice of Right to Sue and the 90-day time limitation.  Rather, the facts at issue here bear a

closer resemblance to the facts in Bush v. Quebecor Printing (USA) Corp., 130 F. Supp. 2d 301

(D. Mass. 2001), a case that Plaintiff notes cited to the Williams decision.  In Bush, the plaintiff

---

[2] Notably, Plaintiff does not cite any authority in support of her theory that the expiration of the original statute of limitations following the EEOC's initial attempt to deliver the Notice of Right to Sue in April of 2003 tolls the limitations period.  Moreover, Plaintiff's claim that her waiting 266 days to file is somehow "reasonable" is similarly flawed.

received a Notice that was mistakenly issued by the EEOC in 1999 (the "1999 Notice") that did not contain a notice of either the right to sue or the 90-day time limit to bring suit. After the EEOC learned of its error in issuing the 1999 Notice, it issued another notice in 2000 (the "2000 Notice") that properly contained the Notice of Right to Sue and the 90-day limitations requirement. The Court found that the 1999 Notice—which contained no Notice of Right to Sue or the statute of limitations—was an improper notice and tolled the 90-day limitation period. More importantly, however, there was no question that once the EEOC issued the 2000 Notice— which did contain the Notice of Right to Sue and the 90-day limitations period—the limitations period began to run. See id. at 307.

Likewise, in this case, there is no question that, once the Plaintiff received Notice of her Right to Sue and the 90-day time limitations period on October 29, 2003, the limitations period began to run. Thus, the statute of limitations expired 90 days later, on January 27, 2004.[3] Accordingly, Plaintiff's Complaint, filed on July 21, 2004 is untimely and should be dismissed, with prejudice.

**CONCLUSION**

For all of the foregoing reasons, as well as those reasons set forth in Defendant's Motion to Dismiss, Defendant respectfully requests that the Court dismiss, with prejudice, Count I of Plaintiff's Complaint, her claim for discrimination in violation of the Americans with Disabilities Act, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the Court's convenience, a Proposed Order is attached as Exhibit A to Defendant's Motion to Dismiss.

---

[3] Plaintiff correctly notes that the principle of equitable tolling may apply where the EEOC failed to provide adequate notice of the right to sue. However, in this case, there is no question that the notice, once it was received, was adequate and proper as it contained both the Notice of Right to Sue and the 90-day limitations period. Plaintiff cites no other reason for application of the principle of equitable tolling in this case and none exists.

- 4 -

**ORAL ARGUMENT REQUESTED**

**Respectfully submitted,**

**EMMAUS, INC.,**

By its attorneys,

/s Christine B. Watts
Mark D. Pomfret, BBO #561925
Christine B. Watts, BBO #647946
Maura M. Jakola, BBO #654695
Testa, Hurwitz & Thibeault, LLP
125 High Street, Oliver Street Tower
Boston, MA 02110
Dated:  October 1, 2004                                    (617) 248-7000

\8559\4.3123585_1