UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11627- RGS

PATRICIA CHENEY

v.

EMMAUS, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS COUNT I
OF THE COMPLAINT

October 5, 2004

STEARNS, D.J.

The essential facts underlying this procedural challenge in the light most favorable to plaintiff Patricia Cheney are as follows. On May 4, 2001, plaintiff (represented by counsel) filed a disability discrimination charge with the Massachusetts Commission Against Discrimination (MCAD).[1] On July 23, 2001, the EEOC assumed investigatory jurisdiction. Two years later, on April 23, 2003, the EEOC dismissed the charge, citing plaintiff's failure to cooperate with the investigation. A right to sue letter, mailed to the plaintiff's post office box address on April 30, 2003, was returned to the EEOC as undeliverable. On October 23, 2003, plaintiff's counsel requested a right to sue letter from the EEOC. An EEOC investigator immediately faxed counsel a copy of the April 30, 2003 right to sue letter. Nonetheless, the Complaint was not filed until July 21, 2004.

An Americans with Disabilities Act (ADA) plaintiff must comply with the

---

[1] A charge filed with the MCAD automatically becomes filed with the Equal Employment Opportunity Commission (EEOC) 60 days after its filing, or earlier if the MCAD terminates its investigation. See 29 C.F.R. § 1601.13(a)(4).

administrative procedures specified in Title VII, 42 U.S.C. § 2000e, before commencing suit under Title I of the ADA. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-278 (1st Cir. 1999). These procedures require the filing of an administrative charge with the EEOC within 180 days of the alleged act of discrimination. 42 U.S.C. § 2000e - 5(e)(1).[2] After a delay intended to permit an administrative conciliation of the charge, a plaintiff may request a right to sue letter from the EEOC. She must then, however, file a Complaint within 90 days of the issuance of the letter. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-16(c). The 90 day period is jurisdictional and the failure to file within the allotted 90 days is ordinarily fatal. Basch v. Ground Round, Inc., 139 F.3d 6, 9 (1st Cir. 1998). There is a limited exception. The doctrine of equitable tolling will stay the running of the limitations period where the plaintiff's effort to file a timely suit is thwarted by conduct attributable to the defendant. Nuccio v. Nuccio, 62 F.3d 14, 16-17 (1st Cir. 1995). The doctrine, however, offers only a narrow escape valve. "Federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases. . . . In a nutshell, equitable tolling is reserved for exceptional cases." Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 58-59 (1st Cir.1998) (considering equitable tolling in the context of a Complaint brought pursuant to the Americans with Disabilities Act).

While the failure of the EEOC to effect delivery of the April 30, 2003 right to sue letter might be deemed sufficient to trigger equitable tolling, but see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 234 (1st Cir. 2001), there is no dispute that Cheney's attorney received a copy of the letter via a facsimile transmission on October 29, 2003.

---

[2] If a plaintiff initially proceeds with the MCAD, she has an additional 120 days to file with the EEOC.

Nonetheless, he waited 266 days thereafter to file suit. The delay is both inexplicable and fatal. It does not matter that the right to sue letter was ultimately delivered to the lawyer and not the client. "[E]ach party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990) (citations omitted).

There is a second and independent ground justifying a dismissal in this case. A refusal to cooperate with the administrative process will be treated as a failure to exhaust remedies. Dates v. Phelps Dodge Magnet Wire Co., 604 F. Supp. 22, 27 (N.D. Ind. 1984) ("Though plaintiff did file a charge with the Equal Employment Opportunity Commission, her interaction with that agency and the state agency was otherwise nominal and without substance. By her own non-cooperation, plaintiff made it impossible for the administrative agency to attempt to resolve her case and in this respect did not adequately exhaust her administrative remedies so as to warrant the invocation of this court's jurisdiction. To hold otherwise would clearly frustrate the congressional intent and purpose behind the enactment of Title VII."). See also Errichetti v. Massachusetts Water Resources Authority, 300 F. Supp. 2d 270, 273-274 (D. Mass. 2004).

## ORDER

For the foregoing reasons, Count I of the Complaint is DISMISSED. As plaintiff has previously withdrawn Count II (a Family Medical Leave Act claim), the case will be terminated and closed.

SO ORDERED,

/s/ Richard G. Stearns

3

_____
UNITED STATES DISTRICT JUDGE